CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE VA
FILED

SEP 13 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **RANDALL J. KEYSTONE,** | ) | |
| Petitioner, | ) | Civil Action No. 7:04-cv-00656 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **D.A. BRAXTON,** | ) | By: Hon. James C. Turk |
| Respondent. | ) | Senior United States District Judge |

Petitioner, Randall J. Keystone, a Virginia inmate proceeding pro se, brings this action, a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. On December 18, 2002 Keystone pled *nolo contendere* and was convicted of sending a threatening letter in the Circuit Court of Augusta County. The Court sentenced Keystone to five years in prison with two years suspended. Case No. CR02000173.

The respondent has filed a motion to dismiss the petition for a writ of habeas corpus. The court notified Keystone of the respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised Keystone if any additional documents or affidavits outside of the pleadings were introduced, the 12(b)(6) motion to dismiss might be considered as a motion for summary judgment. Keystone filed a response to the respondent's motion, thus making the matter ripe for disposition.

Petitioner alleges he was denied the effective assistance of counsel, the trial court erred in denying his motion to withdraw his plea of *nolo contendere,* the letter he sent did not contain a threat, and his attorney tricked him into signing the waiver form for his plea of *nolo contendere.* The petitioner also has a motion to prohibit as well as a motion for appointment of counsel pending before the Court. After reviewing the record, the Court finds there is no genuine issue of material

1

fact and the motion to dismiss must be granted. As such, the motion to prohibit[1] and the motion for appointment of counsel shall both be denied.

I.  **STATEMENT OF FACTS**

Keystone pled guilty on August 28, 1998 to attempted rape of Rosalyn Carter, an employee of Virginia Cares. On February 27, 2001 Lucille Pullen, an employee of the Augusta Correctional Center was sorting outgoing mail when she noticed an envelope addressed to Rosalyn Carter being sent from "Randy Keyes," an alias of the petitioner's. Pullen removed the letter and sent it to institutional investigator Wayne Thompson who opened the letter and contacted Special Agent Ron Hall of the Department of Corrections' Inspector General's Office. The letter contained lewd, explicit, sexual language about engaging in sexual conduct with Ms. Carter followed by a threat that if she did not submit to the requested behaviors, Ms. Carter could "Kiss [her] ass goodbye." On October 29, 2001 Keystone was convicted of sending a threatening letter to Ms. Carter. Before Keystone was sentenced, however, the prosecutor in the case, John Reed, an Assistant Commonwealth's Attorney, received a letter. Forensic scientist, Thomas E. Dewan, compared the handwriting on the envelope with numerous handwriting samples of Keystone's and determined that Keystone addressed the letter to John Reed. The relevant part of the letter stated:

> "Also please be advised that Ms. Carter is a lying bitch. I did not ever "attempt to rape" her to begin with, so any reference to that is out of order and has no weight. So, you need to check yourself before you wreck yourself - or you will be kissing your donkey goodbye. And that's a promise, because if I get the whole 5 yrs. I will still have a release date, and I will see to it personally. And I bet if I hadn't had that shocker-belt on and the 2 officers with me you would not run your mouth like that, Asshole."

---

[1] The petitioner made a motion to prohibit the respondent's "Background Facts" that contains information on petitioner's prior convictions for attempted rape and sending a threatening letter. The "Background Facts" have no bearing on the legal issues in the instant case. As such, the motion to prohibit shall be denied.

2

( See respondent's exhibit 1; copy of letter) (emphasis in original).

Keystone was charged by a direct indictment with sending a threatening letter in violation of Virginia Code Section 18.2-60. Keystone entered a plea of *nolo contendere* at his arraignment on August 21, 2002. After Keystone announced his plea, the trial judge asked him several questions to ensure his plea was made voluntarily and knowingly with the advice and assistance of counsel. (Trial Transcript, pp. 4-10). The judge found Keystone guilty of writing and sending a threatening letter and ordered a pre-sentence report. While awaiting sentencing on his conviction, Keystone and his attorney filed a motion to withdraw the plea of *nolo contendere*. At the sentencing hearing on December 18, 2002, Keystone testified that he wanted to withdraw his plea because he had a defense he wanted to raise. (Sentencing Transcript pp. 5-6). Additionally, Keystone testified that his request was not based upon any newly discovered evidence nor did he identify any factual reason for wanting to withdraw his plea. (Sentencing Transcript p. 9). The trial court did not allow him to withdraw his plea and sentenced Keystone to five years in prison with two years suspended.

Keystone appealed his conviction to the Court of Appeals of Virginia, challenging the trial court's refusal to allow him to withdraw his plea. The Court of Appeals denied his petition on May 14, 2003. (Record No. 3362-02-3). Keystone presented the same issue on appeal to the Supreme Court of Virginia which denied the petition on October 16, 2003. (Record No. 031301). Keystone filed a state habeas corpus petition on March 29, 2004. The Supreme Court of Virginia dismissed Keystone's petition on August 18, 2004. (Record No. 040811).

## II. STANDARD OF REVIEW FOR CLAIMS MADE IN HABEAS CORPUS PETITION BY KEYSTONE

Keystone alleges four separate grounds for relief. As each claim was adjudicated by the

3

Court of Appeals of Virginia and the Supreme Court of Virginia, this court's review is limited as to claims adjudicated on the merits by the state courts, this court may only inquire whether the decisions of the state courts were contrary to clearly established Federal law or whether they represented an unreasonable application of Federal law as dictated by the Supreme Court. See 28 U.S.C.A. §2254(d)(1) (2005).

### A. KEYSTONE HAS FAILED TO SHOW HE HAD INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL

The Sixth Amendment to the United States Constitution guarantees the right of anyone accused of a state or federal crime to the assistance of counsel for his defense. The right to counsel has been interpreted as the right to the effective assistance of counsel by engaging the adversarial system to produce just results. Strickland v. Washington, 466 U.S. 688, 686 (1984). For a defendant to prevail on a claim of ineffective assistance of counsel, he must show counsel's performance fell below an objective standard of reasonableness and the outcome of the trial was adversely affected by counsel's poor performance. Id. at 687-688.

Keystone alleges that his attorney failed to make a motion to withdraw his plea and coerced him into pleading *nolo contendere* by emphasizing that he would get more jail time if he did not plead guilty. Keystone's allegation that his attorney did not make a motion to withdraw his plea fails the requisite standard enunciated in Strickland. Keystone has failed to show that his counsel's performance was deficient. Id. at 687 (1984). Furthermore, Keystone has not shown that his defense was prejudiced. Keystone's trial attorney was replaced before the sentencing hearing, and the newly appointed attorney made the motion to withdraw the plea, as did Keystone, proceeding *pro se*. Accordingly, the trial attorney's failure to make the motion had no prejudicial effect on the outcome

4

of the case, as the motion was made prior to sentencing. Furthermore, the decision to grant the motion to withdraw the plea was within the discretion of the trial court, not Keystone's attorney, and Keystone fails to demonstrate any reasonable likelihood that the court would have granted an earlier motion. Hence, he fails to show prejudice. Id at 692.

When a defendant enters a plea of guilty that is accepted by the court, he must show a reasonable probability that he would not have pled guilty and would have proceeded to trial, absent counsel's errors, in order to prevail on a claim of ineffective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Keystone's allegation that he was coerced into pleading guilty by his counsel's advice fails to pass the Hill standard. Counsel's assertion that Keystone could face more time if he did not plead guilty was accurate and therefore did not fall below an objective standard of reasonableness. Id at 59. Keystone also fails to establish that he would have proceeded to trial absent counsel's advice. Furthermore, at his arraignment, Keystone explicitly testified that he was satisfied with counsel's representation and that no one had coerced him into entering his plea. (Trial Transcript, p. 9). See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("the representations of the defendant, his lawyer, and the prosecutor at [a plea hearing], as well as findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding.")

The Supreme Court of Virginia rejected Keystone's claims that he did not have the effective assistance of counsel. The state court's disposition was not contrary to, or an unreasonable application, of federal law as enunciated in Strickland and Hill. Therefore, this court must deny relief on these claims, pursuant to §2254 (d).

**B. THE TRIAL COURT'S DISCRETION IN DENYING KEYSTONE'S MOTION TO WITHDRAW HIS PLEA OF *NOLO CONTENDERE* IS A MATTER OF STATE LAW WHICH IS NOT SUBJECT TO REVIEW IN A FEDERAL HABEAS PETITION**

Prior to sentencing, Keystone made a motion to withdraw his plea of *nolo contendere*, but the trial court denied his motion and imposed his sentence. Keystone alleges the trial court abused its discretion in not allowing him to withdraw his plea prior to sentencing as allowed by VA Code §19.2-296. The Courts of Virginia have interpreted the statute as giving the trial court discretion to grant or deny the motion to withdraw the plea. See Jones v. Commonwealth, 513 S.E.2d. 431, 435 (VA. Ct. App. 1999); Parris v. Commonwealth, 52 S.E.2d 872, 873 (VA S. Ct. 1949). The trial court first adjudicated this issue at sentencing, and Keystone also presented it before the Court of Appeals of Virginia and the Supreme Court of Virginia on direct appeal. The trial court did not find any specific reason that warranted allowing the motion. The Court of Appeals of Virginia determined that there was no evidence that Keystone entered his plea in good faith under an honest mistake of material fact or that it was induced by fraud, coercion, or undue influence. Furthermore, the Court of Appeals found that the trial judge did not abuse his discretion in denying the motion. The Supreme Court of Virginia, in habeas proceedings, held that since both the trial court and the Court of Appeals adjudicated the matter on the merits, it could not be raised in state habeas proceedings. The withdrawal of a plea of *nolo contendere* is a matter of state law and is not subject to federal habeas corpus review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Moreover, Keystone fails to establish that the trial court's denial of his motion to withdraw the plea violated any federally protected right. See 28 U.S.C.A. §2254(a). Thus, the court cannot find that the state court's disposition of this claim was contrary to, or an unreasonable application of federal law. As such, the court grants the motion to dismiss as to the second claim, pursuant to §2254(d).

**C.     PETITIONER'S CLAIM THAT HIS LETTER DID NOT CONTAIN A THREAT IS PRECLUDED FROM FEDERAL HABEAS CORPUS RELIEF**

6

Keystone's third claim is that by using the phrase "kissing his donkey goodbye," he did not make a threat towards Mr. Reed, as Mr. Reed did not own or possess a donkey, and the trial court unfairly construed the word donkey as referring to Mr. Reed's posterior. The Supreme Court of Virginia, in habeas proceedings, rejected this claim as being procedurally defaulted because it could have been raised at trial or on direct appeal and was not cognizable in a petition for writ of habeas corpus. See Slayton v. Parrigan, 215 Va. 27, 29 (1974). Since the state court dismissed this claim based on an independent and adequate state procedural default rule, it is procedurally barred from federal habeas relief, absent a showing of cause and prejudice or a miscarriage of justice. See Reid v. True, 349 F.3d 788, 804-805 (4th Cir. 2003). Keystone fails to excuse his default. Therefore, the court grants the motion to dismiss as to Keystone's claim that his letter did not actually contain a threat.

### D. PETITIONER'S PLEA OF *NOLO CONTENDERE* WAS MADE KNOWINGLY AND VOLUNTARILY

Keystone's final claim rests on the allegation that his attorney tricked him into signing his guilty plea waiver form. This claim attacks the voluntariness of Keystone's plea. Keystone claims he was not aware of what he was signing and his attorney did not make it clear to him. The problem with this allegation is that Keystone himself actually answered fourteen questions over two pages on the waiver form. Additionally, the word "guilty" was crossed out and replaced with "no contest" seven times on the waiver form. Both these facts establish that Keystone did know what he was signing and he voluntarily signed the documents. Furthermore, Keystone alleges the reasons he signed the waiver and entered the plea were fear he would receive a longer sentence and a desire to end the matter quickly. This claim is also weakened by the representations Keystone made at trial

7

to Judge Wood. At trial, Judge Wood extensively questioned Keystone to ensure the plea he entered was voluntary and knowing. (Trial Transcript August 21, 2002 at pp. 6-9). Judge Wood accepted Keystone's plea as voluntary and knowing after he questioned Keystone and the state presented their evidence against him.

The affirmations Keystone made at trial in regards to his plea form a substantial barrier to overcome in a collateral proceeding attacking the voluntariness of the plea. See Blackledge, 431 U.S. at 73-74 (1977). Keystone does not make any specific allegations as to why his plea was not made voluntarily, nor does he present compelling reasons for why he should not be bound by his statements at trial. See Via v. Superintendent, 643 F.2d 167, 172 (4th Cir. 1981). The Supreme Court of Virginia dismissed this claim because Keystone was bound by the representations he made at trial and there was no evidence identified by Keystone that would support the conclusion that the plea was involuntary. The decision of the Supreme Court of Virginia was not contrary to established federal law and therefore, the court grants the motion to dismiss as to this claim, pursuant to §2254(d).

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file

8

a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 13th day of September, 2005.

/s/ James C. Turk
Senior United States District Judge